UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BALLENGER CHARLES, JR.,**

    Plaintiff,

vs.                                                                 Case No.: 4:13cv467-RH/CAS

**PAM BONDI, in her official capacity as
the ATTORNEY GENERAL, STATE OF
FLORIDA; ROBERT HANNAH, individually;
DAVID LEWIS, individually; PATRICK
KELLY, individually; VICTOR NEAL, individually;
GLENN BASSETT, individually; JAMES
SIGMAN, individually; WILLIAM AVERY,
individually; THOMAS RYBCYZK,
individually; and CATHY CHRISTENSEN,
individually,**

    Defendants.
_____/

## AMENDED COMPLAINT

    Plaintiff, BALLENGER CHARLES, JR., hereby sues Defendants, PAM BONDI, in her official capacity as the ATTORNEY GENERAL, STATE OF FLORIDA; ROBERT HANNAH, individually; DAVID LEWIS, individually; PATRICK KELLY, individually; VICTOR NEAL, individually; GLENN BASSETT, individually; JAMES SIGMAN, individually; WILLIAM AVERY, individually; THOMAS RYBCYZK, individually; and CATHY CHRISTENSEN, individually, and alleges:

### NATURE OF THE ACTION

    1.    This is an action for damages and injunctive relief, brought pursuant to 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color or state law, of rights, privileges, and immunities secured to Plaintiff by the Constitution and laws of the United States,

and to 42 U.S.C. §1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983. A state law claim is also set forth under §112.3187, et seq., Fla. Stats.

2. This is an action for damages that exceed Fifteen Thousand Dollars ($15,00.00) exclusive of costs and interests. This case was removed to this Court by the Defendants.

3. Declaratory, injunctive, legal, and equitable relief are sought pursuant to the laws set forth above, together with damages, costs, and attorney's fees.

4. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## THE PARTIES

5. At all times pertinent hereto, Plaintiff, BALLENGER CHARLES, JR., has been a resident of the state of Florida, and was employed by Defendant, STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL.

6. At all times pertinent hereto, Defendant, PAM BONDI, in her official capacity as the ATTORNEY GENERAL, STATE OF FLORIDA ("OAG" or "BONDI") has been organized and existing under the laws of the state of Florida.

7. On information and belief, at all times pertinent hereto, in addition to working in Leon County, Florida, Defendant, ROBERT HANNAH, has been a resident of Leon County, Florida, and was employed by Defendant OAG.

8. On information and belief, at all times pertinent hereto, in addition to working in Leon County, Florida, Defendant, DAVID LEWIS, has been a resident of Leon County, Florida, and was employed by Defendant OAG.

Case 4:13-cv-00467-RH-CAS   Document 25   Filed 12/18/13   Page 3 of 15

9. On information and belief, at all times pertinent hereto, in addition to working in Leon County, Florida, Defendant, PATRICK KELLY, has been a half-time resident of Leon County, Florida, and was employed by Defendant OAG.

10. On information and belief, at all times pertinent hereto, in addition to working in Leon County, Florida, Defendant, VICTOR NEAL (together with Hannah, Lewis, and Kelly, "the Participating Defendants"), has been a resident of Leon County, Florida, and was employed by Defendant OAG.

11. On information and belief, at all times pertinent hereto, in addition to working in Leon County, Florida, Defendant, GLENN BASSETT, has been a resident of Leon County, Florida, and was employed by Defendant OAG.

12. On information and belief, at all times pertinent hereto, in addition to working in Leon County, Florida, Defendant, JAMES SIGMAN, has been a resident of Leon County, Florida, and was employed by Defendant OAG.

13. On information and belief, at all times pertinent hereto, in addition to working in Leon County, Florida, Defendant, WILLIAM AVERY, has been a resident of Leon County, Florida, and was employed by Defendant OAG.

14. On information and belief, at all times pertinent hereto, in addition to working in Leon County, Florida, Defendant, THOMAS RYBCZYK, has been a resident of Leon County, Florida, and was employed by Defendant OAG.

15. On information and belief, at all times pertinent hereto, in addition to working in Leon County, Florida, Defendant, CATHY CHRISTENSEN (together with Bassett, Sigman,

3

Avery, and Rybczyk, "the Recommending Defendants"; the Recommending Defendants together with the Participating Defendants, "the Individual Defendants"), has been a resident of Leon County, Florida, and was employed by Defendant OAG.

## GENERAL ALLEGATIONS

16.     Between the years of 2003 and 2005, Plaintiff cooperated with the OAG Inspector General's Office ("IGO"), with the U.S. Department of Health and Human Services ("DHHS") Office of Inspector General, and with the state of Florida Auditor General's office in their investigations of the OAG's Medicaid Fraud Control Unit ("MFCU"). Plaintiff complained to investigators about various acts of gross mismanagement, misfeasance, and gross neglect of duty, including most recently an order for Plaintiff to illegally falsify a closing report in a Medicaid fraud case.

17.     Plaintiff's cooperation, statements, and complaints were made to uncover issues important to the public at large and to ensure that law enforcement agencies and officers were acting within the best interests of the citizens of the state of Florida.

18.     Plaintiff was not under any employment obligation or condition of employment nor did he act pursuant to his official duties to make the disclosures, participate in the investigations, or to provide information to investigative agencies. Therefore, Plaintiff acted as a citizen and not as a public employee.

19.     Due to Plaintiff's disclosures and participation within these investigations, several agents and officers of Defendant OAG were implicated to their personal and professional detriment. Plaintiff thereafter became a target of disdain and animosity within his position with Defendant OAG.

20.     During the period between 2005 and 2009, Defendant OAG, via its agents and employees, as well as the Individual Defendants, attempted through various means to intimidate Plaintiff such that he would resign or quit his position, but he remained employed there until his wrongful termination in June 2009 and the subsequent wrongful elimination of his position.

21.     In or about April 2009, Plaintiff was subjected to discipline by the Participating Defendants related to a firearm exchange occurring at Defendant OAG's offices within Tallahassee, Leon County, Florida. The Recommending Defendants recommended such discipline.

22.     On or about June 8 2009, Plaintiff was notified of his potential for termination from employment with Defendant OAG based on the discipline stemming from his actions related to the firearm exchange,

23.     Because of Plaintiff's prior disclosures and participation in investigations, The Individual Defendants acted out of malice and communicated amongst themselves and with other potential unknown persons to effectuate Plaintiffs's termination on this minor allegation. The Participating Defendants, each within Plaintiff's direct chain of command, each participated in the decision to terminate Plaintiff. The Recommending Defendants each acted to recommend such termination. The Participating Defendants and the Recommending Defendants each intended to retaliate against Plaintiff for his exercise of First Amendment rights, and each possessed a retaliatory animus.

24.     Thereafter, through an administrative appeal, Plaintiff's termination was rescinded and he was eventually reinstated to employment with Defendant OAG in or about November 2009.

25.     The Individual Defendants were dissatisfied that Plaintiff had been ordered reinstated through this administrative appeal, and through communications between them and with other potential unknown persons acted to see that Plaintiff's former position would be wrongfully eliminated, reassigned, or made otherwise unavailable. Specifically, beginning in or about September 2009, Defendant OAG underwent a "reorganization," and certain persons were specifically designated for termination. Plaintiff's position had not been selected for elimination through reorganization. However, after he was reinstated through the administrative process, the Individual Defendants communicated and effectuated Plaintiff's inclusion within the reorganization effectively ending his employment with Defendant OAG, notwithstanding the fact that he was reinstated after he won his administrative appeal. The Participating Defendants, each within Plaintiff's direct chain of command, each participated in the decision to wrongfully eliminate Plaintiff's position. The Recommending Defendants each acted to recommend such elimination. The Participating Defendants and the Recommending Defendants each intended to retaliate against Plaintiff for his exercise of First Amendment rights, and each possessed a retaliatory animus.

26.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendants should be made to pay said fee under applicable law.

### COUNT I-FIRST AMENDMENT RETALIATION CLAIM (against OAG)

27.     Paragraphs 1-26 are incorporated herein by reference. This count is pled in the alternative. For purposes of this count only, at all times pertinent to this action, one or more of the Participating Defendants were acting within the course and scope of their employment with OAG.

28.     This count sets forth a claim against OAG for the violation of the First Amendment rights of Plaintiff, brought through 42 U.S.C. §1983. Plaintiff engaged in constitutionally protected speech by making public statements orally, in writing, and through other media, and in other lawful public speech. The main thrusts of such statements, letters, and other speech were public in nature, addressing issues of public concern, as outlined in part above.

29.     After engaging in protected speech as related in part above, Plaintiff was the victim of retaliatory actions, set forth in part above. OAG infringed upon Plaintiff's constitutionally protected interest in freedom of expression by retaliating against him by wrongfully terminating him, and then by wrongfully eliminating his position, as related in part above. The actions of one or more OAG employees were taken in their official capacities, and such employees constituted final decisionmakers with OAG. The actions complained of herein were taken by or at the direction of officials/agents identified herein, who are policymakers within OAG. Additionally, OAG, through its agents and employees, has engaged in a custom and practice of unconstitutionally retaliating against its employees for public speech on matters of public concern.

30.     OAG's conduct, through its employees and agents, in retaliating against Plaintiff for his constitutionally protected speech, is the type of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment rights to speak publically, and to address in public fora, orally or in writing, issues of public concern. The actions of OAG were taken in violation of Plaintiff's clearly established rights under the First Amendment to the United States Constitution to be free from retaliation, and were motivated both to retaliate against Plaintiff, and to deter Plaintiff from the further exercise of his First Amendment speech rights. The actions of OAG were taken under color of state law with the intent to harm Plaintiff.

31.     As a direct and proximate result of the actions taken against him by OAG, Plaintiff has suffered injury, and is entitled to prospective injunctive relief, as well as to all other relief authorized by law that is not precluded by the Eleventh Amendment to the United States Constitution.

**COUNT II-FIRST AMENDMENT RETALIATION (against the Participating Defendants)**

32.     Paragraphs 1-26 are incorporated herein by reference. This count is pled in the alternative. For purposes of this count only, at all times pertinent to this action, the Participating Defendants were acting within the course and scope of their employment with OAG.

33.     This count sets forth claims against the Participating Defendants, in their individual capacities, for the violation of the First Amendment rights of Plaintiff, brought through 42 U.S.C. §1983. Plaintiff engaged in constitutionally protected speech by making public statements, orally, in writing, and through other media, and in other lawful public speech. The main thrusts of such statements, letters, and other speech were public in nature, addressing issues of public concern, as outlined in part above.

34.     After engaging in protected speech as related in part above, Plaintiff was the victim of retaliatory actions set forth, in part, above. The Participating Defendants infringed on Plaintiff's constitutionally protected interest in freedom of expression by wrongfully terminating him, and then by wrongfully eliminating his position, as related in part above.

35.     The Participating Defendants engaged in the retaliatory conduct set forth in part above for the purposes of damaging Plaintiff after his public expressions on matters of public concern.

36.     At all times pertinent hereto, the Participating Defendants were acting under

color of state law when they engaged in retaliatory conduct against Plaintiff, related in part above. All of Plaintiff's statements against which these Defendants retaliated addressed matters of public concern, and therefore Plaintiff was engaged in protected First Amendment activities.

37. The Participating Defendants' conduct was the type of retaliatory conduct that would deter a person of ordinary sensibilities from exercising his or her First Amendment right to speak. The actions of the Participating Defendants were taken in violation of Plaintiff's clearly established rights under the First Amendment to the United States Constitution to be free from retaliation motivated by the exercise of First Amendment speech rights. The actions of the Participating Defendants were taken under color of state law with the intent to harm Plaintiff. These actions and inactions were malicious and willful.

38. As a direct and proximate result of the actions of the Participating Defendants, Plaintiff has suffered injury, and he is entitled to prospective injunctive relief, as well as to all other relief authorized by law. In addition to all other permitted relief, Plaintiff sustained emotional pain and suffering damages, loss of the capacity for the enjoyment of life and other intangible damages. These losses have occurred in the past, are occurring at present and are certain to occur into the future.

39. Plaintiff is entitled to punitive damages under this count.

**COUNT III-FIRST AMENDMENT VIOLATION (against the Recommending Defendants)**

40. Paragraphs 1-26 above are incorporated by reference herein.

41. This count sets forth a claim against the Recommending Defendants for First Amendment violations, brought through 42 U.S.C. §1983. This claim is pled based on the theory of liability known as "cat's paw liability."  Under that theory, the Recommending Defendants would be in the role of the cat, possessing animus against Plaintiff, and the other Defendants would be in the role of the paw, directing or physically engaging in the violations of §1983. This basis for recovery is sometimes also called "recommender liability."

42.     On information and belief, the actions of OAG and the Participating Defendants, described above and supplemented below, were recommended and/or otherwise caused by the Recommending Defendants.

43.     At the Recommending Defendants' recommendations, OAG and the Participating Defendants took the actions described above in violation of Plaintiff's rights under the First Amendment of the U.S. Constitution. The Recommending Defendants knew that the prior actions of Plaintiff were legal and proper.

44.     The violations of Plaintiff's First Amendment rights recommended by the Recommending Defendants to, and accomplished by, OAG and the Participating Defendants, were of a type and character of which any reasonable person would be aware.

45.     At the Recommending Defendants' recommendations, OAG and the Participating Defendants further operated to violate Plaintiff's civil rights, actionable through 42 U.S.C. §1983.

46.     The Recommending Defendants are persons under applicable law and are liable to Plaintiff for the violation of his rights under the First Amendment to the United States Constitution.

47.     The Recommending Defendants acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of Plaintiff's rights, safety, and/or property.

48.     The Recommending Defendants recommended and caused the violations of Plaintiff's First Amendment rights by OAG and the Participating Defendants, such violations being accomplished through power possessed by virtue of state law, and made possible only because these Defendants were clothed with the authority of state law. The Recommending Defendants' violations of Plaintiff's rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. §1983.

49.     The foregoing actions of the Recommending Defendants were willful, wanton and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification. The Recommending Defendants knew or should have known that Plaintiff had not acted wrongfully or in any manner in violation of law.

50.     Based upon the facts presented to the Recommending Defendants and on applicable law, no reasonable person in their circumstances could have concluded that Plaintiff had acted wrongfully. Further, Plaintiff's First Amendment right to speak publically was well-settled, as was the fact that the actions of OAG and the Participating Defendants, which were recommended and caused by the Recommending Defendants were in violation of the First Amendment to the United States Constitution at the time such actions were recommended, and at the time such actions were taken.

51.     The actions of the Recommending Defendants, as set forth in part above, constituted deliberate indifference and/or reckless disregard for the civil rights and/or safety of Plaintiff, and they knew of and disregarded the risk to Plaintiff's rights and safety.

52.     The Recommending Defendants were acting under color of state law at all times pertinent hereto. The Recommending Defendants caused OAG and the Participating Defendants to violate Plaintiff's rights, such violations taking place through power possessed by virtue of state law, and made possible only because they were clothed with the authority of state law. The Recommending Defendants' violations of Plaintiff's rights, as described above, occurred under color of state law and are actionable under 42 U.S.C. §1983.

53.     As a direct and proximate result of the actions of the Recommending Defendants, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, lost business opportunities, lost income, and the loss of other emoluments. These damages have occurred at present, in the past, and will most likely occur in the future.

54.     Plaintiff is entitled to punitive damages under this count.

## COUNT IV-PUBLIC EMPLOYEE WHISTLEBLOWER RETALIATION
### (against OAG)

55.     Paragraphs 1-26 are incorporated herein by reference.

56.     This count sets forth a claim against Defendant OAG under §112.3187, et seq., Fla. Stats.

57.     Plaintiff was a public employee protected under the provisions of Chapter 112, Fla. Stats. Defendant OAG falls under this statute as a public employer.

58.     As stated more specifically, in part, above, Plaintiff reported and disclosed violations of laws, rules, and/or regulations to a person who had the authority to investigate, police, manage and otherwise remedy such violations reported by Plaintiff. Additionally, Plaintiff reported malfeasance, misfeasance, and other acts specifically outlined in §112.3187(5), Fla. Stats.

59.     After providing information as well as reporting these matters as related more fully above, Plaintiff was the victim of retaliatory actions as set forth more fully above.

60.     Plaintiff's position and responsibilities within OAG were adversely affected as a result of his reporting violations of laws, rules, and/or regulations specified in part above. These actions were taken against him after he objected to and/or reported matters that he reasonably suspected were and/or actually were incidents of gross misconduct, malfeasance, and/or misfeasance within OAG. These reports were conveyed in writing and/or were made to supervisors and/or other persons within OAG who could remedy the violations. After reporting these matters within OAG, adverse actions were taken against him.

61. Under §112.3187(4), OAG was prohibited from taking adverse personnel actions against persons like Plaintiff, who disclose the types of information disclosed by Plaintiff. Specifically, OAG was prohibited from dismissing, disciplining or otherwise taking any other adverse personnel actions against employees for disclosing information pursuant to the provisions of §112.3187(4), Fla. Stats. under §112.3187(3)(c), "adverse personnel action" is defined as "the discharge, suspension, transfer or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee within the terms and conditions of employment by an agency or independent contractor."

62. After making the disclosures identified in part above, Plaintiff suffered adverse employment actions, which adverse actions are reported in part above.

63. Plaintiff maintains that the actions of all employees within OAG who affected his employment adversely did so in retaliation against him for his "whistleblowing" activities.

64. As a direct and proximate result of the actions taken against him by OAG, Plaintiff has suffered injury, including but not limited to past and future wage losses, loss of benefits, and other tangible and pecuniary damages. These damages have occurred in the past, are occurring at present and will occur in the future.

65. Plaintiff is also entitled to injunctive relief under this count.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

    (a)    that process issue and this court take jurisdiction over this cause;

    (b)    that this court grant equitable relief against Defendants under

applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

   (c) that this court enter judgment against Defendants awarding compensatory and punitive damages (punitive damages are sought against the Individual Defendants only) to Plaintiff from these Defendants for their violations of law enumerated herein;

   (d) that this court enter judgment against Defendant OAG for all relief to which Plaintiff is entitled, including a permanent injunction from future violations of law enumerated herein;

   (e) that this court enter judgment against Defendants and for Plaintiff awarding Plaintiff interest, costs, and attorney's fees as provided by law; and

   (f) that this court grant such other and further relief as is just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

        Respectfully submitted,

        /s/ Marie A. Mattox
        Marie A. Mattox; FBN 0739685
        MARIE A. MATTOX, P. A.
        310 East Bradford Road
        Tallahassee, FL 32303
        Telephone: (850) 383-4800
        Facsimile: (850) 383-4801
        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF this 18th day of December, 2013.

                                                  /s/ Marie A. Mattox
                                                  Marie A. Mattox