IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BALLENGER CHARLES, JR.,

    Plaintiff,

vs.                                Case No.: 4:13cv467-RH/CAS

PAM BONDI, in her official capacity as the
ATTORNEY GENERAL of the STATE OF
FLORIDA; et al.

    Defendants.
_____/

## DEFENDANTS' TRIAL BRIEF

Defendants, Pam Bondi, in her official capacity, David Lewis, Glenn Bassett and Victor Neal, individually, submit this Trial Brief pursuant to the court's Pretrial Order.

Ballinger Charles was a long time employee of the Florida Office of the Attorney General and worked in the Medicaid Fraud Control Unit. In June 2009 his employment was terminated. He filed a PERC appeal and was ordered reinstated to a position of similar responsibility. In August 2009, because of severe budget cuts and to improve operational efficiency, the MFCU was reorganized and Mr. Charles position was eliminated or placed in reserve. Accordingly, the OAG was unable to reinstate him to his position. After a lengthy evidentiary hearing PERC agreed. There was no appeal from that decision. In this action, Mr. Charles claims that he was terminated and not reinstated because of protected speech.

Victor Neal was Mr. Charles direct supervisor and recommended that Charles' employment be terminated. That recommendation was accepted by David Lewis, the director of the MFCU, who made the functional decision to terminate Charles. Glen Bassett is an attorney in the OAG. He gave legal advice to Mr. Lewis.

Defendants submit that evidence at trial will fail to establish any causal connection between any of the individual defendants' employment decisions and the alleged protected speech by Charles.

### A. No Causation under *Mt. Healthy*

The defendants will present evidence of numerous valid, non-retaliatory, reasons for the decision to terminate Mr. Charles' employment and to not reinstate him to his position. The Plaintiffs will not be able to show that Charles' speech was a motivating factor in any of the alleged retaliatory employment decisions

Plaintiff's argument cannot be based on temporal proximity as Charles last alleged protected speech was in 2005 and his termination was in 2009. This raises no inference of causation. To create an inference of causation based on temporal proximity, the proximity must be "very close;" and a period of from five to seven months is clearly insufficient, by itself, to create an inference of causation. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 1987) ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough."), *cited* in *Jones v. Ward*, 514 Fed. Appx. 843 (11th Cir. 2013) (granting summary judgment for employer on First Amendment retaliation claim).

Moreover Charles' speech had influenced the employment decisions, the defendants cannot be liable because "[i]n cases where a plaintiff has shown a public employer acted under both lawful and unlawful motives, the public employer cannot be liable if the evidence shows the public employer would have arrived at the same employment decision even in the absence of the allegedly protected activity." *Boldin v. Limestone County*, 152 Fed. Appx. 841, 846 (11th Cir. 2005) (citing *Mt. Healthy*, 429 U.S. at 287). "The Supreme Court has made clear that even if the Defendant's animosity toward the [plaintiff's protected activity] played a 'substantial part' in the

[Plaintiff's termination decision], such animosity cannot salvage the job of an employee who could have been fired anyway." *Smith v. Cobb County Sch. Dist.*, No. 1:10-CV-848-TWT, 2013 WL 4028856 (N.D. Ga. Aug. 7, 2013) (citing *Mt. Healthy*, 429 U.S. at 286). The Plaintiff "may not use [her protected] activities to provide a cloak of immunity" for poor job performance. *Id.* Accordingly, "[w]ading through the muck of swirling allegations is unnecessary, as the Defendant[ ] *need only advance one reason* as to why [it was] justified in terminating the Plaintiff." *Id.*

In this case, it is undisputed that Charles left a firearm on his desk unsecured. It should be undisputed that he was warned previously that such conduct would not be tolerated. Thus, Mr. Lewis made the decision to terminate Mr. Charles' employment. It should also be undisputed that Mr. Lewis reorganized the administrative services unit of the MFCU and Mr. Charles' position was eliminated. The court should note that one of the defendants, Victor Neal, who made the recommendation to terminate Charles, also lost his job through the same reorganization.

It is extremely significant in this case that there is no evidence that Lewis was even aware that Mr. Charles claimed that he was a whistleblower.

Glen Bassett

There will be no evidence that Glen Bassett made any recommendations regarding Mr. Charles' employment. Bassett gave legal advice to David Lewis. It is clear from Mr. Lewis' deposition that he requested a legal opinion from Basset regarding whether he needed to reinstate Charles following the initial PERC decision in light of the fact that Charles' position was eliminated. Mr. Bassett opined that the OAG was not under a legal duty to reinstate Charles. He made no recommendation in that regard. This issue was litigated in PERC and the agency

agreed with Mr. Basset's opinion.

### Victor Neal

Victor Neal was a captain and the direct supervisor of Mr. Charles. He made a recommendation to terminate Mr. Charles' employment following the gun incident. He made no recommendations regarding the reorganization of the MFCU or whether or not to reinstate Mr. Charles following the initial PERC decision. He was not employed by the OAG when the decision not to reinstate Mr. Charles was made. He was a friend of Charles and the only knowledge he had regarding Charles' alleged whistleblowing came from Charles himself as a part of their friendship. Neal was not even an employee of the OAG until 2008, approximately 3 years following Mr. Charles last protected speech.

**B.   All Defendants Are Entitled to Qualified Immunity**

The defendants are entitled to Qualified Immunity on the claim asserted by Charles. Qualified immunity "offers complete protection for individual public officials performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Leslie v Hancock Cnty. Bd. of Educ.*, 720 F.3d 1338, 1345 (11th Cir. 2013). The personnel decision in the instant case is discretionary in nature. *See, e.g. Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1548-49 (11th Cir. 1992). Thus, the burden is on Plaintiff to show that qualified immunity is inapplicable to the defendants. *See Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009).

"State officials can act lawfully even when motivated by a dislike or hostility to certain protected behavior." *Sherrod v. Johnson*, 667 F.3d 1359, 1363 (11th Cir. 2012) (citing *Mt. Healthy, supra)*. Thus, "[w]here the record shows public officials would have acted as they did even if they had lacked discriminatory intent, such actions are lawful." *Id.* Accordingly, "[u]nless

it, as a legal matter, is plain under the specific facts and circumstances of the case that the defendant's conduct—despite his having adequate lawful reasons to support the act—was the result of his unlawful motive, the defendant is entitled to immunity." *Id.* (quoting *Foy v. Holston*, 94 F.3d 1528 (11th Cir.1996)).

In *Sherrod v. Johnson, supra,* the Eleventh Circuit reversed the district court's failure to grant summary judgment for a School District Superintendent and Assistant Superintendent in a First Amendment retaliation case, and remanded with directions to grant summary judgment. The court explained that a "proper analysis" of the qualified immunity question was "*not* whether [the Superintendent and Assistant Superintendent] knew that terminating Sherrod in retaliation for protected speech was lawful," but rather "whether terminating him based upon all the information available to them at the time, to include any knowledge of his protected speech, was objectively reasonable." *Id.* at 1364 (emphasis added).

In *Sherrod*, the defendants had information which tended to show problems with the plaintiff's job performance (including an unsatisfactory performance evaluation and complaints from parents). The Eleventh Circuit concluded that even though there might be factual questions about the individual defendants' motivations in connection with the plaintiff's termination, the individual defendants were entitled to qualified immunity because the "facts in the record show lawful justifications for recommending [plaintiff's] termination." As the Court stated:

> Plaintiff failed to present any precedent, and the Court is aware of none, to suggest that a reasonable principal and superintendent armed with the knowledge they possessed, to include the unsatisfactory performance reviews, would know they could not recommend and/or adopt a recommendation to terminate Sherrod. Accordingly, Johnson and Crutchfield are entitled to qualified immunity.

*Id.*

Plaintiff Charles will likewise be unable to present any precedent to suggest that a reasonable manager, "armed with the knowledge" that Lewis possessed, "would know [he] could not recommend and/or adopt a recommendation] to terminate Charles' employment or not reinstate him following the elimination of his position.

Furthermore, to the extent that Charles engaged in any speech, he did so as a part of his job with the MFCU. At the time the employment decisions were made, speech made as a part of a plaintiff's employment was not protected. Thus, the defendants are immune from suit.

RESPECTFULLY SUBMITTED this 11th day of July, 2014.

Respectfully submitted,

/s/ J. Brennan Donnelly
J. BRENNAN DONNELLY
Florida Bar No. 268895
MELANIE R. LEITMAN
Florida Bar No. 091523
MESSER CAPARELLO, P.A.
P.O. Box 15579 (32317-5579)
2618 Centennial Place
Tallahassee, FL 32308-0572
850-222-0720 - Telephone
850-558-0653 - Facsimile
bdonnelly@lawfla.com
mleitman@lawfla.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of July, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Brennan Donnelly
Brennan Donnelly