IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BALLENGER CHARLES, JR.,

    Plaintiff,

v.                               CASE NO. 4:13cv467-RH/CAS

STATE OF FLORIDA, OFFICE OF THE
ATTORNEY GENERAL et al.,

    Defendants.

_____/

**PRETRIAL ORDER**

This order confirms and adds to the rulings announced on the record of the pretrial conference on September 3, 2014. Unless otherwise specified, all dates in this order are in 2014.

IT IS ORDERED:

1. The trial is set for Monday, September 22, and is first on the docket. An attorney conference will begin at 8:15 a.m., followed immediately by jury selection and the remainder of the trial. But jury selection may be moved up to September 15 and combined with another case.

2. Unless otherwise ordered before the striking of the jury begins, each side will have three peremptory challenges.

3. By September 15, a party may file a proposal for voir dire questions by the court.  At the trial, a party may orally request voir dire questions by the court. After the court's voir dire, a party may ask its own voir dire questions, but they must be reasonably calculated to develop information for use in exercising cause or peremptory challenges and must *not* include questions intended solely or primarily to establish a relationship with the jurors, condition the jurors, inform the jurors of the facts or issues in the case, elicit an agreement from the jurors on the facts or law or a possible verdict, or argue the case.

4. By September 8, a party must give notice of the pages and lines of deposition testimony the party will introduce at trial.  By September 10, a party so notified must give notice of any other part of the deposition the party wishes to have introduced at the same time.  By September 11, the party who made the original designation must give notice of any further part of the deposition the party wishes to have introduced in response to the cross-designation.  By September 12, a party must give notice of any objection to the introduction of deposition testimony identified under this paragraph.  An objection or disagreement must be brought to the court's attention by the time of the attorney conference on the morning of jury selection.  Notice under this paragraph must be given to each other

party but need not be filed.  Nothing in this paragraph affects the use of a deposition for impeachment of a testifying witness.

     5. Materials that a party proposes to show the jury in opening statement must be disclosed in advance to an attorney for each other party.

     6. A further hearing to address evidentiary issues or other pretrial matters will be conducted by telephone at the request of either side.  A request may be made orally to the courtroom deputy clerk.

     7. The attorneys and members of their staffs may bring laptops and electronic tablets into the courtroom.  They may bring cellular telephones or other hand-held electronic devices into the courtroom but must have them off or in silent mode, must never use them while court is in session, and must never let the jury see them or become aware that they are in the courtroom.

     8. The plaintiff's motion to compel document production, ECF No. 36, is GRANTED IN PART.  By September 5, the defendants must produce to the plaintiff for inspection and copying these documents: (a) the application of each person hired between June 1, 2009, and August 31, 2010, in the Medicaid Fraud Control Unit, to a position of law enforcement investigator II or lieutenant; and (b) the personnel action reports for positions 715 and 1267 from June 1, 2009, forward.

9. By September 10, each party must file an updated exhibit list separately identifying those exhibits the party expects to offer and those the party may offer if the need arises. The list must not include any exhibit not included on the exhibit list filed with the pretrial stipulation, with this exception: the plaintiff's list may include exhibits that first became available from the document production ordered in paragraph 8 above. The updated list may not change the number of any exhibit on the list filed with the pretrial stipulation unless both sides agree to the change. But page numbers within an exhibit may be added. The pages of an exhibit must be numbered, or other means must be readily available for identifying each page.

10. To the extent not already done, every exhibit (or an exact copy), marked with a readily identifiable exhibit number, *must* be provided to the attorney for each other party by September 10, and must be reviewed by an attorney for each other party by September 12. A party may file a notice of additional objections to exhibits—setting out objections on grounds that first became apparent from the exchange and review of exhibits required by this paragraph—by September 12. An objection not noted in the pretrial stipulation or in a timely notice of additional objections will be deemed waived.

11. The defendants' summary-judgment motion, ECF No. 46, is GRANTED IN PART. Summary judgment is entered in favor of the defendants Victor Neal and Glenn Bassett on all claims. Summary judgment is entered in favor of the

defendants David Lewis and Pam Bondi, in her official capacity as Attorney General of Florida, on claims arising from the proposed firing or 20-day suspension of the plaintiff.  The case will go to trial on the claims arising from the failure to provide the plaintiff the same opportunities in connection with his budgetary layoff as provided other employees.

12. The plaintiff's motion, ECF No. 74, to accept late-filed summary-judgment exhibits 56-59 is GRANTED.  The exhibits, ECF No. 75, are deemed part of the summary-judgment record.

13. The defendants' motion, ECF No. 76, to accept their late-filed proposed verdict form is GRANTED.  The proposed verdict form is deemed properly filed.

SO ORDERED on September 3, 2014.

s/Robert L. Hinkle
United States District Judge