## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

BALLENGER CHARLES JR.,

      Plaintiff,

v.                                        CASE NO.  4:13cv467-RH/CAS

FLORIDA OFFICE OF THE
ATTORNEY GENERAL and
DAVID LEWIS,

      Defendants.

_____/

## VERDICT

WE THE JURY unanimously return the following verdict:

1. Did OAG retaliate against Mr. Charles for protected activity (as defined
   under the whistleblower statute), deciding not to offer Mr. Charles the
   same opportunity as other downsized employees to apply for and obtain
   alternative employment with OAG that, if offered, Mr. Charles would
   have accepted?

               YES __X__        NO _____

FILED IN OPEN COURT ON

_September 24, 2014_

United States District Court
Northern District of Florida

*Please answer question 2.*

2. Did OAG retaliate against Mr. Charles for speaking on a matter of public concern (as defined under the First Amendment), deciding not to offer Mr. Charles the same opportunity as other downsized employees to apply for and obtain alternative employment with OAG that, if offered, Mr. Charles would have accepted?

YES __X__        NO _____

*If your answer to question 1 or question 2 or both is yes, please answer question 3.  If your answers to questions 1 and 2 are both no, please skip questions 3, 4, and 5.*

3. Would OAG have made the same decision anyway, even if retaliation had not been considered?

YES _____        NO __X__

*If your answer to question 3 is no, please answer questions 4 and 5. If your answer to question 3 is yes, please skip questions 4 and 5.*

4. Did Mr. Lewis make or approve the decision not to give Mr. Charles the same opportunity as other downsized employees to apply for and obtain alternative employment with OAG, and, if Mr. Lewis did make or approve the decision, was he motivated by retaliation?

YES __X__     NO _____

*Please answer question 5 if the instruction before question 4 said to do so.*

5. What amount of damages do you award for:

   Lost wages?                                    $ $ 267,500

   Mental and emotional anguish?                  $ $ 130,000

SO SAY WE ALL on September 24th, 2014, in Tallahassee, Florida.

Redacted

Case No.   4:13cv467-RH/CAS