# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

BALLENGER CHARLES, JR.,

    Plaintiff,

v.                                  CASE NO. 4:13cv467-RH/CAS

STATE OF FLORIDA, OFFICE OF THE
ATTORNEY GENERAL et al.,

    Defendants.

_____/

## ORDER DENYING THE MOTION
## TO AMEND THE JUDGMENT

      The parties settled this action. The plaintiff's notice of settlement asked the court to retain jurisdiction to enforce the settlement agreement. With or without such a request, I would have retained jurisdiction to enforce the settlement agreement; my consistent practice, absent unusual circumstances, is to explicitly retain jurisdiction to enforce a settlement agreement.

      The reason for retaining jurisdiction is this. When a party agrees to settle a case, the party should comply with the agreement. If the party fails to do so, the opposing party should not have to file a new lawsuit and wait months to obtain

redress.  Retaining jurisdiction deters a party from breaching the settlement agreement, because the party knows prompt redress will be available for a breach.  And if there is a breach—or a dispute about whether there has been a breach—retaining jurisdiction promotes the just, speedy, and inexpensive determination of the issue.  *See* Fed. R. Civ. P. 1.

Here, though, the defendant has moved to amend the judgment to delete the provision retaining jurisdiction.  The defendant notes that the settlement agreement says the only remedy for a breach "will be an action for specific performance and that the proper venue for such action will be Leon County, Florida."  This court's territorial jurisdiction includes, and indeed this court sits in, Leon County, so the venue provision presents no obstacle.  Whether a motion to enforce a settlement agreement is "an action for specific performance" could be debated.  It is not clear that exercising jurisdiction over any motion to enforce the settlement agreement would be inconsistent with the agreement.

What *is* clear, though, is that retaining jurisdiction will do no harm.  The parties intend to comply with the settlement agreement, and if they do, retaining jurisdiction will make no difference.  If, however, a party asserts the other side has breached the agreement, the party can file a specific-performance action in state court.  Or the party can file a motion to enforce in this court, and the question

*Page 3 of 3*

whether this is permissible under the settlement agreement will be presented.  It will be time enough to address that issue if a party files a motion to enforce.

For these reasons,

IT IS ORDERED:

The defendant's motion, ECF No. 107, to amend the October 8, 2014, order and judgment is denied.

SO ORDERED on October 17, 2014.

                                            s/Robert L. Hinkle
                                            United States District Judge